TO: FOIA Officer
Department of Justice
Office of Information Policy — handling request for the Office of the Attorney General,
Office of the Associate Attorney General, and Office of Legal Policy

REQUESTER INFORMATION
Name: Dominic Holden
Address: BuzzFeed News, 111 E 18th St, Newsroom, New York, NY 10003
Email: dominic.holden@buzzfeed.com, dominic.holden@gmail.com
Phone: (646) 668-3199, (206) 877-2240
Job Title:  Reporter

August 10, 2018

On behalf of myself and BuzzFeed News, I am requesting records under the Freedom of
Information Act (5 U.S.C. § 552.) about the Religious Liberty Task Force announced by
Attorney General Jeff Sessions on July 30, 2018, and religious liberty matters at the
Department of Justice.

Please limit your search to records created between Sept. 1, 2017, and the date the search
for responsive records is conducted.

A search should not be limited to records that specifically contain the words "Religious
Liberty Task Force." Include records that involve any precursor entities, and all actions
(such as those taken by an individual employee), involved in the task force's creation or
continued execution. The records should include any listening sessions and/or discussions
involving non-government employees about religious liberty, the task force, and/or
implementation of Sessions' Oct. 6, 2017, *Memorandum to All Executive Departments and
Agencies on Federal Law Protections for Religious Liberty*.

Specifically, I am requesting:

1. All records — including, but not limited to, legal opinions, memoranda, advisories, policy
memoranda, emails, and letters — created in the run up to and reflecting the establishment
of the Religious Liberty Task Force or creating any precursor task force, office, listening
sessions, or employees to investigate, or otherwise address the protection of religious
liberty and/or religious freedom.
     By way of example only, such records may include: Records discussing who would
be invited to participate in the task force or religious liberty dialogue — including any

Exhibit A

government officials, individuals in their personal capacity, and representatives of non-governmental entities, or invitations to participate in the task force activity — whether in an official capacity or not.

2. The following records produced or held by the Religious Liberty Task Force:

- Communications with other agencies, components of the Department of Justice, the public, and nongovernmental organizations or individuals sent or received by members of the Religious Liberty Task Force regarding the Religious Liberty Task Force's work, goals, or launch.
- Agendas, minutes, participant lists and participants' notes from all meetings of the Religious Liberty Task Force or meetings or listening sessions relating to the Religious Liberty Task Force.
- Reports, memorandums, research studies, and/or proposals written by staff or members of the Religious Liberty Task Force.
- All complaints of religious discrimination received or considered by the Religious Liberty Task Force.
- All discussion of receiving and handling complaints to the Religious Liberty Task Force.
- Any materials produced by the Religious Liberty Task Force in response to religious discrimination complaints received or considered by the Religious Liberty Task Force.
- Any list or email distribution list reflecting the membership of the Religious Liberty Task Force.

3. All records on the Religious Liberty Task Force's enforcement, application, implementation, and/or interpretation of Sessions' *Memorandum to All Executive Departments and Agencies on Federal Law Protections for Religious Liberty*.

4. Any correspondence between the "Possible Custodians" described below and:

a. Any individuals representing the Heritage Foundation, the Alliance Defending Freedom, Council on American-Islamic Relations, the Becket Fund for Religious Liberty, the Family Research Council, Liberty Counsel, the United State Conference of Catholic Bishops, Muslim Advocates, American Atheists, the Archdiocese of Louisville, Secular Coalition for America, and/or Focus on the Family.
b. Michael (Mike) Farris, Anthony (Tony) Perkins, Mary Blanche Hankey, Paula White, Roger Severino, Betsy Devos, Scott Gast, Candice Jackson, Kenneth Marcus, Jennifer Korn, and/or Kristen Waggoner.

   c.   Recipients/senders whose email includes becketlaw.org, muslimadvocates.org, usccb.org, heritage.org, adflegal.org, adfmedia.org, frc.org, and/or archlou.org.

5. All emails, memorandums, or other responsive records referring to or concerning the task force's requirement to disclose records in response to the Federal Advisory Committee Act, the Presidential Records Act, and/or FOIA.

## Definitions

"Possible Custodians":  "Possible Custodian's" includes Attorney General Jeff Sessions, Jeffrey Hall in the Office of the Associate Attorney General; Jennie Bradley Lichter in the Office of Legal Policy; Sarah Flores, Devin O'Malley, and Kelly Laco in the Office of Public Affairs; Assistant Attorney General Beth Williams; and/or Associate Attorney General Jesse Panuccio.

"Religious Liberty Task Force":  "Religious Liberty Task Force" as used in this request means the Religious Liberty Task Force, any precursor group established prior to its launch, any employee involved in the task force's creation or continued execution,  and/or nongovernmental individuals who participated in its work or meetings. Among these individuals, the Department of Justice has identified Sessions, Jeffrey Hall in the Office of the Associate Attorney General; Jennie Bradley Lichter in the Office of Legal Policy; Assistant Attorney General Beth Williams; and Associate Attorney General Jesse Panuccio.

## FEE WAIVER

I am a reporter with BuzzFeed News.

I am willing to pay any reasonable expenses associated with this request, however, as the purpose of the requested disclosure is in full conformity with the statutory requirements for a waiver of fees, I formally request such a waiver. I request a waiver of all costs pursuant to 5 U.S.C. §552(a)(4)(A)(iii) ("Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."). Disclosure in this case meets the statutory criteria, and a fee waiver would fulfill Congress's legislative intent in amending FOIA. See Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'"). I incorporate by reference the explanation and attached

materials in the above sections which demonstrates why the requested information is in the public interest.

Furthermore, these records are a matter of tremendous public interest, demonstrated by the fact that Sessions announced the task force in his official capacity, before a large group and on web live stream, and officials have said it will produce public policy. There were dozens of news articles about it and Sessions' said in a speech on August 8, 2018, "More than 100,000 people tweeted about it. It was the third most tweeted-about topic on Earth at one point that day. Late-night comedians joked about it." Despite this massive interest, the Justice Department has refused to answer questions about the task force's membership, meetings, agenda, or any other details — proving there is virtually zero public understanding of the operations or activities of this government body. The executive branch and Justice Department frequently make similar records about policy-making and advisory bodies public at no cost, posting them online and/or emailing them to public lists, so releasing these records should be no different. Further, on WILK on July 30, Assistant Attorney General Beth Williams said that the task force will field complaints directly. "I think we are going to set up a specific email for that," Williams said. "We can see if there are violations of religious freedom and violations of federal law that we can do something about." This statement indicates the task force, part of the Justice Department, will adjudicate disputes and is subject to the same disclosure obligations as other divisions and components that process legal complaints and advise the Executive Branch on making policy.

## EXPEDITED PROCESSING

Under 28 C.F.R. 16.5(d)(1)(iv), a request is to be given expedited processing when it involves "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." I am seeking expedited treatment for this request.

As noted about, there were dozens of news articles [1] about it and Sessions' said in a speech on August 8, 2018, "More than 100,000 people tweeted about it. It was the third most tweeted-about topic on Earth at one point that day. Late-night comedians joked about it."

---

[1] Articles include:
https://www.cnn.com/2018/07/30/politics/jeff-sessions-religious-liberty-task-force/index.html,
https://www.npr.org/2018/08/02/635047680/new-religious-liberty-task-force-highlights-sessions-doj-priorities,
https://religionnews.com/2018/07/30/seeing-threat-to-religious-freedom-jeff-sessions-announces-special-task-force/

BuzzFeed News intends to disseminate the records promptly in the public interest.

Although expedited processing is clearly warranted under 28 C.F.R. 16.5(d)(1)(iv), it is alternatively proper under under 28 C.F.R. 16.5(d)(1)(ii) which provides for expedited processing when there exists "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

·       I am member of the news team at BuzzFeed, which a proven track record of disseminating information to the general public.

## EXEMPTIONS AND SEGREGABILITY

Under the FOIA Improvement Act of 2016, agencies must adopt a presumption of disclosure, withholding information "only if . . . disclosure would harm an interest protected by an exemption" or "disclosure is prohibited by law." If it is your position that any portion of the requested records is exempt from disclosure, I request that you provide an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA."

Moreover, the Vaughn index "must describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of disclosing the sought-after information." Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'"

In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'"

In addition, I ask that your agency exercise its discretion to release records which may be technically exempt, but where withholding serves no important public interest.

If a portion of the responsive records become available before the entire request is complete, I respectfully request that DOJ provide records on a rolling basis.

## **FORMAT**

I request that any releases stemming from this request be provided to me in digital format on a compact disk or other like media.

Please do not hesitate to contact me if you have any questions concerning this request. I appreciate your time and attention to this matter.

Thank you.

Dominic Holden
Reporter, BuzzFeed News
dominic.holden@buzzfeed.com | dominic.holden@gmail.com
Desk: (646) 668-3199 | Mobile: (206) 877-2240
111 East 18th St, New York, NY 10003