## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BUZZFEED INC.,

        *Plaintiff*,

        v.

U.S. DEPARTMENT OF JUSTICE,

        *Defendant*.

Civil Action No. 18-2370 (CRC)

## JOINT PROPOSED SCHEDULE FOR DISCLOSURE

The parties, through counsel, submit this joint proposed schedule for disclosure in response to the Court's Minute Order, dated December 4, 2018.  A proposed order is attached.

## I.  Background

Plaintiff BuzzFeed Inc. filed a Freedom of Information Act ("FOIA") request with Defendant U.S. Department of Justice ("DOJ") on August 10, 2018, requesting "for the time period beginning September 1, 2017, through the date of the search, all records related to the Religious Liberty Task Force, including records that involve any precursor entities, and all actions involved in the task force's creation or continued execution."  Compl. ¶ 6.  Plaintiff brought an action under FOIA, 5 U.S.C. § 552, on October 15, 2018, asking the Court to order Defendant to conduct a search for records and to produce all non-exempt requested records within 90 days of service of the Complaint.  Compl. at p. 2.  Defendants filed an Answer to the Complaint on December 3, 2018 (ECF No. 8).

## II.  Defendant's Status Update on the Search and Processing of the Request and Proposed Schedule for Disclosure, if Appropriate

The DOJ component agency processing the request, the Office of Information Policy ("OIP"), estimates that, without displacing other equally meritorious requests submitted prior to

the request at issue here, it will take approximately four to seven months to complete Plaintiff's requested search for email records and electronic files.  Once this initial search is complete, OIP will conduct a preliminary responsiveness review of the search results, after which point it will be in a position to propose a production schedule, as appropriate.[1]  As further explained below, this time is necessary due to the significant backlog OIP faces in processing FOIA requests.

At the close of the fiscal year on September 30, 2018, OIP had received more than 3,200 requests, meaning that OIP had another fiscal year with significantly more incoming requests than its historical average of about 1,200 per fiscal year.  As of December 18, 2018, OIP has received 594 request, which puts OIP on pace to have another fiscal year significantly more incoming requests that the historical average.  Additionally, OIP has a backlog of 2,109 FOIA requests and processes requests on a first-in, first-out basis within three processing tracks ("simple," "expedited," and "complex").  OIP takes into consideration the fact that some requesters submit narrowly tailored requests or that some requesters agree to narrow the scope of their requests upon negotiation and, as a result, OIP will place such requests in a narrowed search queue within its given track.  OIP has already prioritized Plaintiff's request by placing it in this narrowed search queue, but cannot prioritize it further than that without displacing other equally meritorious or similarly narrow requests.  Without this prioritization, there would be 426 electronic records searches ahead of this request in either the "expedited" or "complex" tracks. Because of this prioritization, as of December 18, 2018, this request has 163 electronic records searches ahead of it in either the "expedited" or "complex" tracks.  OIP has extensively

---

[1] In the meantime, OIP can conduct a search of the Departmental Executive Secretariat ("DES"), which is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General and maintains records of all formal, controlled, unclassified correspondence sent to or from those Offices from January 1, 2001, to the present day.  OIP will be in a position to conduct this search and propose a production schedule for any responsive records located in this search one month from this filing.

documented the unprecedented nature of its backlogged requests in connection with other FOIA disputes pending in this Court. *See, e.g.*, Decl. of Vanessa Brinkmann ¶¶ 10-18, *Democracy Forward Found. v. U.S. Dep't of Justice*, No. 1:18-cv-00734-APM, ECF No. 12-1 (D.D.C. June 22, 2018) (hereafter, "Brinkmann Decl."). And, on December 7, 2018, OIP's requested *Open America* stay was granted after a finding that OIP "demonstrated 'exceptional circumstances,' and further that [OIP] has responded with due diligence to the recent spike in FOIA requests." *Id.*, ECF No. 19, at 12  (Dec. 7, 2018). Although OIP has taken significant steps to alleviate this backlog, *see* Brinkmann Decl. at ¶¶ 19-24, the number of requests submitted prior to Plaintiff's request that must be processed remains substantial.

Although the FOIA provides a cause of action to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant," 5 U.S.C. § 552(a)(4)(B), filing a complaint does not entitle Plaintiff to preferential treatment at the expense of other FOIA requestors who have not filed litigation. *Democracy Forward Found.*, No. 1:18-cv-00734-APM, ECF No. 19, at 11. In the past, OIP has chosen, as a matter of discretion, to prioritize requests in litigation over non-litigation requests. Brinkmann Decl. at ¶ 26. But with the overwhelming increase in both the number and complexity of requests received by OIP and in the number of cases currently subject to litigation, OIP concluded in March of 2018 that in order to treat all requestors equitably, it can no longer prioritize cases simply because they are in litigation. Brinkmann Decl. at ¶¶ 25-28. This change has greatly improved OIP's efficiency in processing non-litigation FOIA requests. *Id.*

If the Court deems it necessary, Defendant is prepared to file a motion for an *Open America* stay to justify this proposal. If the Court establishes a briefing schedule on a motion for an *Open America* stay, Defendant requests that the Court provide Defendant until the week of

January 28, 2019, to file its motion.  The undersigned is out of the office on leave from

December 24, 2018, through January 1, 2019, and is already engaged in briefing and argument in

a number of cases in this Court and the D.C. Circuit throughout the first few weeks of January,

which will leave insufficient time for undersigned counsel to prepare an appropriate motion if the

Court sets a deadline prior to January 28, 2019.

## III.   Plaintiff's Position Statement and Proposed Schedule

Plaintiff disagrees that Defendant has met the requirements for a stay, not least because it

has made no motion for a stay nor given Plaintiff a reasonable opportunity to contest the cited

factual allegations made in another case before a different judge.  Plaintiff contends that

Defendant should promptly file a motion for stay if it believes one is appropriate, and requested

to Defendant that the parties submit a briefing schedule for such a motion, which Defendant

declined.  Therefore, Plaintiff requests that Defendant be ordered to issue a determination on the

request and promptly disclose the records, or in the alternative, that the Court order Defendant to

file an Open America motion and grant Plaintiff 14 days to respond to it.


December 18, 2018

*/s/ Matthew Topic*
Matthew Topic
(E-Mail: foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
Tel.: (312) 243-5900
Fax (312) 243-5902
Bar No. IL0037

Matthew Schafer
(E-Mail: matthew.schafer@buzzfeed.com)
BUZZFEED INC.
111 East 18th Street, 13th Floor
New York, NY 10003

Respectfully submitted,

JESSIE K. LIU
D.C. Bar 472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar 924092
Chief, Civil Division

By: */s/ Daniel P. Schaefer*
DANIEL P. SCHAEFER
D.C. Bar 996871
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2531

Tel.: (646) 660-0693
Fax: (212) 431-7461
Bar No. 1008728

*Counsel for Plaintiff*

Daniel.Schaefer@usdoj.gov

*Counsel for Defendant*