IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUZZFEED INC., )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>  Defendant. ) | Case No. 18-cv-2370-CRC |

**PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS**

Having substantially prevailed in the case, and all entitlement factors in its favor, Plaintiff hereby petitions for attorney fees and costs of $7,485.70.

**I.   FACTUAL BACKGROUND**

On August 10, 2018, Plaintiff submitted the FOIA request at issue.  ECF No. 1 at ¶ 6; ECF No. 8 at ¶ 6.  DOJ acknowledged the request, but in violation of the statute, failed to issue a determination by the deadline.  ECF No. 1 at ¶¶ 7-8; ECF No. 8 at ¶¶ 7-8.

On October 15, 2018, having received no determination for twice the statutory deadline, Plaintiff filed suit.  ECF No. 1. After discussions between the parties and a Joint Status Report reflecting the parties' agreement, the Court ordered DOJ to issue responses and process certain records by specific dates.  Apr. 16, 2019 Minute Order ("During the pendency of the stay, Defendant shall issue an interim response by May 28, 2019 and a second and final response by July 12, 2019, pertaining to Attorney General Sessions' emails. Defendant shall also process and produce to Plaintiff as soon as is practicable, and no later than thirty (30) days, the email that Defendant located as described in [15] the parties' Joint Status Report."); ECF No. 15.  DOJ eventually completed its production, and the parties filed Joint Status Reports periodically pursuant to this Court's order to do so.  ECF Nos. 18-28.

## II. ARGUMENT

### A. Plaintiff has substantially prevailed both because this Court ordered DOJ to produce records and because DOJ changed its position in response to this suit.

The Court ordered DOJ to issue interim responses and produce records by dates certain. As a result, Plaintiff has substantially prevailed and is eligible for attorney fees and costs. *E.g. Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 820 F. Supp. 2d 39, 44 (D.D.C. 2011); *see generally* DOJ Guide to FOIA, Attorney Fees, at 8-9, https://www.justice.gov/oip/page/file/1207216/download ("The District Court for the District of Columbia has found the first statutory basis for eligibility, which requires an order, an enforceable written agreement or consent decree, satisfied through various types of court orders, including an order requiring production of documents by a specific date.").

While the Court need not go any further, Plaintiff has also substantially prevailed because DOJ changed its position in response to this suit: pre-suit, DOJ ignored the request, other than acknowledging receipt, and disregarded the statutory deadline to issue a determination; post-suit, DOJ agreed to issue an interim response and begin producing records, which agreement was eventually reflected in the Court's order. At no time has DOJ ever established a justification for its pre-suit delay, which supports an award of fees. *See Am. Oversight v. Dep't of Justice*, 375 F. Supp. 3d 50, 62 (D.D.C. 2019). Again, however, the Court need not address "changed position" because there has been a court order.

### B. Plaintiff is entitled to fees.

A FOIA plaintiff who is eligible for fees is also entitled to them if the totality of the following factors supports an award: (1) the public benefit derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records

sought; and (4) whether the government's withholding had a reasonable basis in law.  *See Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 2008).  These factors support a fee award:

<u>Factor (1)</u>:  The records sought relate to the DOJ's "Religious Liberty Task Force," including emails of the Attorney General himself.  *See* ECF No. 1 at ¶ 6; ECF No. 8 at ¶ 6.  The Task Force was the subject of a speech from the Attorney General and significant press coverage.  Dep't of Justice, Attorney General Sessions Delivers Remarks at the Department of Justice's Religious Liberty Summit (July 30, 2018), *available at* https://www.justice.gov/opa/speech/attorney-general-sessions-delivers-remarks-department-justice-s-religious-liberty-summit ("I want to thank all of you for your courage and insight to speak out for religious liberty.  Let us be frank.  A dangerous movement, undetected by many, is now challenging and eroding our great tradition of religious freedom. There can be no doubt. This is no little matter. It must be confronted and defeated. . . . Today I am announcing our next step: the Religious Liberty Task Force, to be co-chaired by the Associate Attorney General and the Assistant Attorney General for the Office of Legal Policy—Jesse and Beth."); *e.g.* Sarah Hallam, *Sessions Announces New 'Religious Liberty Task Force'*, CNN (July 31, 2018), https://www.cnn.com/2018/07/30/politics/jeff-sessions-religious-liberty-task-force/index.html; *New 'Religious Liberty Task Force' Highlights Sessions, DOJ Priorities*, Nat'l Pub. Radio (Aug. 2, 2018), https://www.npr.org/2018/08/02/635047680/new-religious-liberty-task-force-highlights-sessions-doj-priorities.

The Task Force was quickly the subject of criticism and scrutiny.  Jonathan Wilson-Hartgrove, *Jeff Sessions' 'Religious Liberty Task Force' Part of a Dangerous Christian Nationalist Campaign of Discrimination*, NBC News (July 31, 2018), https://www.nbcnews.com/think/opinion/jeff-sessions-religious-liberty-task-force-part-

dangerous-christian-nationalist-ncna895941 ("Conservative Christians have convinced Trump that they are being oppressed. And LGBT Americans and religious minorities will pay the price."); Michael J. Stern, *The Trump Justice Department Has Turned 'Religious Liberty' Into a License to Discriminate*, USA Today (June 25, 2019), https://www.usatoday.com/story/opinion/2019/06/25/trump-gives-religious-conservatives-license-to-discriminate-column/1540435001/ ("Trump's DOJ is destroying civil rights for gay, Mexican, Muslim and transgender people in the name of religious freedom for conservative Christians."). Because records about the actual operations of the Task Force would inform this debate, this factor fully supports a fee award. *See e.g. Cotton v. Heyman*, 63 F.3d 1115, 1123 (D.C. Cir. 1995) (factor supports fees where records are "likely to add to the fund of information that citizens may use in making vital political choices"); *see also Morley v. CIA,* 810 F.3d 841, 844 (D.C. Cir. 2016) ("if it's plausible *ex ante* that a request has a decent chance of yielding a public benefit, the public-benefit analysis ends there"; factor supports fees where there is "at least a modest probability of generating useful new information about a matter of public concern").

Factors (2) and (3): Plaintiff is news media organization that requested the records in furtherance of that work. ECF No. 1-1; Dominic Holden, *The Justice Department Is Keeping Secrets About Its New Religious Liberty Task Force*, BuzzFeed News (Aug. 6, 2018), https://www.buzzfeednews.com/article/dominicholden/the-justice-department-is-keeping-secrets-about-its-new; *see generally* BuzzFeed News, https://www.buzzfeednews.com/. Thus, these factors support entitlement to attorney fees. *See WP Co. LLC v. U.S. Small Bus. Admin.,* No. CV 20-1240 (JEB), 2021 WL 214375, at *3 (D.D.C. Jan. 21, 2021) (second and third factors "generally tip in favor of organizations that aim to ferret out and make public worthwhile, previously unknown government information" (cleaned up)).

Factor (4):   DOJ has established no basis for its failure to issue a determination until after this suit was filed.  *See id.* ("the burden remains with the agency" to establish this factor).

Because no factor supports the government, Plaintiff is entitled to fees.

### C. Plaintiff does not object to the USAO Laffey Matrix rates for the purposes of this case.

Rather than spend significant fees-on-fees time litigating over rates that will not have a tremendous impact on the total award, Plaintiff does not object to use of the USAO Laffey Matrix for this case.  *See e.g. Urban Air Initiative, Inc. v. Environmental Protection Agency*, 442 F. Supp. 3d 301, 323 (D.D.C. 2020); *Citizens for Responsibility and Ethics in Wash. v. Dep't of Justice*, 142 F. Supp. 3d 1, 23 (D.D.C. 2015); *Gatore v. Dep't of Homeland Security*, 286 F. Supp. 3d 25, 39  (D.D.C. 2017);  *Electronic Privacy Info. Ctr. v. Drug Enforcement Admin.*, 266 F. Supp. 3d 162, 171 (D.D.C. 2017); *see* USAO Laffey Matrix, *available at* https://www.justice.gov/usao-dc/page/file/1305941/download.  In actuality, Plaintiff's counsel's rates exceed the USAO Matrix rates.  *See* Exhibit A.

### D. The Court should award a total of $7,485.70.

Time entries and costs for this case are attached as Exhibit B and have been reviewed by the undersigned for reasonableness.  Using the USAO Laffey Matrix results in a total award of $ $7,485.70.  This includes time spent drafting this petition.  *See Electronic Privacy Info. Ctr. v. Dep't Homeland Security*, 811 F. Supp. 2d 216, 240 (D.D.C. 2011).

### III.   CONCLUSION

Plaintiff respectfully requests that the Court award fees and costs of $7,485.70.

RESPECTFULLY SUBMITTED,

/s/ *Matthew V. Topic*

_____

Attorneys for Plaintiff

Matthew Topic
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com
DC Bar No. IL0037