UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BUZZFEED INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF JUSTICE**, <br><br> Defendant. | Case No. 18-cv-2370 (CRC) |

## OPINION AND ORDER

Plaintiff BuzzFeed Inc. seeks attorney's fees in this Freedom of Information Act ("FOIA") suit against the Department of Justice. The Department challenges BuzzFeed's eligibility for and entitlement to the fees it seeks. The Court will deny the fee request. The Court agrees with BuzzFeed that it is eligible for fees as the prevailing party. However, the Department has adequately demonstrated that the delay in producing the requested documents—the sole dispute between the parties in this litigation—was reasonable under the circumstances. The Court therefore concludes that BuzzFeed is not entitled to any attorney's fees.

**I.   Background**

On August 10, 2018, reporter Dominic Holden, on behalf of himself and the media organization BuzzFeed News, submitted a FOIA request to the Department of Justice. See Compl. Ex. A at 1 (FOIA request). BuzzFeed sought records related to the Religious Liberty Task Force, which then-Attorney General Jeff Sessions had publicly announced earlier that summer. Id. It requested expedited processing under 28 C.F.R. § 16.5. Id. at 4.

On August 23, 2018, the Department acknowledged receipt of BuzzFeed's FOIA request. See Compl. Ex. B at 1 (FOIA acknowledgment). By that letter, the Department's Office of Information Policy ("OIP") denied the request for expedited processing and instead informed

BuzzFeed that it would be unable to comply with FOIA's statutory deadlines. Id. OIP explained that the request presented "unusual circumstances"—requiring consultation with another office—and had been designated as "complex." Id. at 1–2.

Two months after its FOIA request, BuzzFeed filed suit, seeking to compel the Department to turn over responsive records. See Compl. at 2. After conferring, the parties submitted an initial status report. In that report, the Department explained that, due to its backlog of FOIA requests, it would need approximately four to seven months to search for the requested records, and only then could it set a possible production schedule. See Joint Proposed Schedule for Disclosure at 1–2 (Dec. 18, 2018). The Department offered to move for a stay under Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976), which provides a "safety valve" from FOIA's otherwise applicable time limits, id. at 610; see also 5 U.S.C. § 552(a)(6)(C). See Joint Proposed Schedule for Disclosure at 3. At the Court's instruction, the Department filed that motion. See Minute Order of Dec. 19, 2018. The Department claimed a stay was warranted because of the "exceptional circumstances" presented by the "deluge" of FOIA requests it had received, as well as its diligence in processing the requests of BuzzFeed and others. Def.'s Stay Mot. at 9–12, 15–17 (Mar. 29, 2019).

Although BuzzFeed initially opposed a stay, the parties soon came to an agreement, which they presented to the Court in a status report. See Joint Status Report at 1 (Apr. 12, 2019). Under the parties' proposal, the case would be stayed for approximately seven months. Id. at 2. During the pendency of the stay, the Department agreed to process and release one email that OIP had discovered and identified as responsive when processing a separate FOIA request. Id. at 1. The Department also agreed that OIP would "review former Attorney General Sessions' emails and produce any responsive records" from that document set. Id.; First Brinkmann Decl.

¶ 48. The Department promised a first release by May 28, 2019, and a final release by July 12 of that year. See Joint Status Report at 1 (Apr. 12, 2019).

In light of the parties' agreement, the Court entered a Minute Order adopting their proposal. See Minute Order of Apr. 16, 2019 (the "April 2019 Order"). By that order, the Court granted the Department's now-unopposed motion and stayed the case through November 26, 2019. Id. The Court also ordered that, during the pendency of the stay, the Department "shall issue an interim response by May 28, 2019 and a second and final response by July 12, 2019, pertaining to Attorney General Sessions' emails." Id. Finally, the Court ordered the Department to "process and produce to Plaintiff as soon as is practicable, and no later than thirty (30) days," the email identified in the parties' status report. Id.

On May 13, 2019, the Department issued a response complying with the Court's order. Second Brinkmann Decl. ¶ 23. The response included the email referenced in the Court's April 2019 Order, as well as several other pages of material. Id. The Department also informed BuzzFeed that it had found no other responsive records in Attorney General Sessions' emails or electronic files. Id. After the stay lifted in late 2019, the Department fully processed and produced documents responsive to the remainder of BuzzFeed's request, without any intervention by the Court. See id. ¶¶ 24–25. BuzzFeed did not object to the adequacy of the Department's search nor any of its withholdings. See Joint Status Report at 1 (Jan. 22, 2021).

BuzzFeed now moves for attorney's fees. BuzzFeed contends that it is eligible for fees as the prevailing party, and that it is entitled to fees because the Department had no reasonable basis for failing to process its request earlier. It seeks just over $9,000 for time spent litigating both the underlying complaint and its fee motion. See Fees Mot. at 1; Reply at 4. The Department opposes, challenging both BuzzFeed's eligibility for and its entitlement to fees.

## II. Legal Standards

Courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred" in any FOIA case where "the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To recover fees and costs under FOIA, a plaintiff must be both (1) eligible for and (2) entitled to such an award. See Brayton v. Off. of the U.S. Trade Representative, 641 F.3d 521, 524 (D.C. Cir. 2011).

A FOIA plaintiff is eligible for fees if it "substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A plaintiff has substantially prevailed if it "'has obtained relief' through either of the following: '(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.'" Grand Canyon Tr. v. Bernhardt, 947 F.3d 94, 95 (D.C. Cir. 2020) (per curiam) (quoting 5 U.S.C. § 552(a)(4)(E)(ii)).

If the plaintiff is eligible for a fee award, the court proceeds to the entitlement inquiry. Brayton, 641 F.3d at 524. There, courts consider four factors: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." Kwoka v. IRS, 989 F.3d 1058, 1063 (D.C. Cir. 2021). Although "'[n]o one factor is dispositive, . . . the court will not assess fees when the agency has demonstrated that it had a lawful right to withhold disclosure." Id. at 1064 (internal quotation marks omitted). The balancing of these factors is left to the discretion of the district court. Morley v. CIA, 894 F.3d 389, 391 (D.C. Cir. 2018) (per curiam).

Finally, if a FOIA plaintiff is both eligible for and entitled to an award, the court assesses the reasonableness of the requested fees. While precedent can be a helpful guide, the analysis is

"necessarily somewhat imprecise." Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1323 (D.C. Cir. 1982) (per curiam). The D.C. Circuit has instructed judges to simply "exercise their discretion as conscientiously as possible, and state their reasons as clearly as possible." Copeland v. Marshall, 641 F.2d 880, 893 (D.C. Cir. 1980) (en banc).

### III. Analysis

BuzzFeed is eligible for but not entitled to fees in this case. As even the Department concedes, BuzzFeed secured a court order requiring the Department to release at least one record it sought. That order is sufficient to make BuzzFeed a prevailing party eligible for attorney's fees. However, BuzzFeed is not entitled to fees because the Department has established that its conduct was reasonable. Here, the Court looks to the backlog of FOIA requests the Department faced, the steps it took to inform the Court of that backlog in its Open America stay motion, and its relative diligence in working with BuzzFeed to process this substantial document request. Given this showing, the Court will deny the fee request.

#### A. Eligibility

BuzzFeed contends that it is a prevailing party eligible for attorney's fees because it both secured court-ordered relief and caused the Department to voluntarily release records. Fees Mot. at 2; see also 5 U.S.C. § 552(a)(4)(E)(ii). The Court need not reach BuzzFeed's second argument, as the April 2019 Order requiring the production of at least one document is enough to establish that it substantially prevailed in the litigation.

An order requiring an agency to disclose certain records by certain dates is sufficient to "render[]" the requesting "organization a prevailing party eligible for a fee award." Jud. Watch, Inc. v. FBI, 522 F.3d 364, 367 (D.C. Cir. 2008). The D.C. Circuit has applied this rule even when the relevant court order merely gave effect to the parties' joint proposal for disclosure.

Davy v. CIA ("Davy I"), 456 F.3d 162, 164, 166 (D.C. Cir. 2006).  As the court explained, such a procedure "functionally" enforces "a settlement agreement . . . through a consent decree."  Id. at 166.  Ultimately, an order will render a FOIA plaintiff the prevailing party if it grants substantive relief on the merits—like mandating the production of documents—rather than just requires the agency to take interim, procedural steps—like reviewing records or redoing a Vaughn index.  Jud. Watch, 522 F.3d at 367–69 (comparing Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO v. Dep't of Energy ("OCAW"), 288 F.3d 452, 458–59 (D.C. Cir. 2002) with Davy I, 456 F.3d at 165); see also Campaign for Responsible Transplantation v. FDA, 511 F.3d 187, 195–96 (D.C. Cir. 2007).

      The Court's analysis centers on its April 2019 Order, which required the Department to do two things: (1) "issue an interim response by May 28, 2019 and a second and final response by July 12, 2019, pertaining to Attorney General Sessions' emails"; and (2) "process and produce to Plaintiff as soon as is practicable, and no later than thirty (30) days, the email that Defendant located as described in the parties' Joint Status Report."

      That second portion of the order constitutes court-ordered relief for the purposes of 5 U.S.C. § 552(a)(4)(E)(ii)(I).  Before the April 2019 Order, the Department "was not under any judicial direction to produce documents by specific dates."  Davy I, 456 F.3d at 166.  After, the Department was required to produce the identified email by May 16, 2019.  By ordering release of a specific document by a certain date, the April 2019 Order operated as "'a judicially sanctioned change in the legal relationship of the parties' because 'timely production of'" the email by the Department "'could no longer be described as a voluntary change in the defendant's conduct.'"  Id. (quoting Edmonds v. FBI, 417 F.3d 1319, 1322–23 (D.C. Cir. 2005)).  Had the

Department failed to release the email as ordered, BuzzFeed could have asked the Court to hold it in contempt. Id.

The Department does not contest that this portion of the order renders BuzzFeed eligible for attorney's fees. See Opp'n at 8. But it asks the Court to hold that BuzzFeed is the prevailing party only for that limited portion of its efforts—only for "attorney time that directly pertained to and which resulted in" that one sentence in the April 2019 Order. Id.

The Department misunderstands the prevailing party analysis. As the D.C. Circuit has clarified, for complainants to "become eligible for an award of attorney's fees" under this test, "they must have 'been awarded *some* relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree." OCAW, 288 F.3d at 456–57 (emphasis added) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 603 (2001)). In other words, the plaintiff only needs to have "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Edmonds, 417 F.3d at 1326. "[T]he *degree* of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, not to eligibility for a fee award at all." Id. at 1327 (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 790 (1989)).

As the Court has already explained, BuzzFeed was awarded some relief by this Court. It obtained an order requiring the release of a document responsive to its request: an email identifying the participants in a meeting related to the Religious Liberty Task Force. See Joint Status Report (Apr. 12, 2019); Compl. ¶ 6. Although this portion of the order covered only one document, it offered affirmative relief with respect to exactly the kind of document sought in plaintiff's FOIA request and judicial complaint. BuzzFeed is therefore eligible for attorney's

fees. As a result, the Court will not address the parties' alternative arguments about whether any other part of the April 2019 Order or the Department's conduct during the litigation likewise rendered BuzzFeed the prevailing party.

B.  Entitlement

The Court next turns to BuzzFeed's entitlement to attorney's fees. A FOIA litigant's entitlement to fees is governed by "four rather amorphous factors: (i) the public benefit from the case; (ii) the commercial benefit to the plaintiff; (iii) the nature of the plaintiff's interest in the records; and (iv) the reasonableness of the agency's withholding of the requested documents." Morley, 894 F.3d at 391. The D.C. Circuit has left the balancing of the four factors to the discretion of the district court, and the Court can deny fees even if only the fourth factor weighs against the plaintiff. See id. at 391, 396; see also Dorsen v. SEC, 15 F. Supp. 3d 112, 121 (D.D.C. 2014) ("[I]n some circumstances the final factor may be dispositive."). On the record here, the Court holds that BuzzFeed is not entitled to fees because the Department's explanation for not producing the records sooner—the unusually large backlog of FOIA requests it faced and the scope of the plaintiff's request—was reasonable under the circumstances.

The Department does not contest that the first three factors favor BuzzFeed, see Opp'n at 12, and the Court agrees that they do. The first factor requires the court to consider "the public benefit derived from the case," including "both the effect of the litigation . . . and the potential public value of the information sought." Davy v. CIA ("Davy II"), 550 F.3d 1155, 1159 (D.C. Cir. 2008). Here, BuzzFeed sought records related to the Department of Justice's new Religious Liberty Task Force, which had recently become the subject of significant public reporting, comment, and debate. See Fees Mot. at 3–4 (gathering articles). The information BuzzFeed sought with this suit—about the formation, composition, and work of the task force—had clear

8

potential public benefit.  The second and third factors—the plaintiff's "commercial benefit" and "interest"—are "[c]losely related and often considered together."  Kwoka, 989 F.3d at 1064.  Because BuzzFeed is a news organization and this litigation was intended to support the work of one of its journalists, these factors again favor the plaintiff.  See Davy II, 550 F.3d at 1160–61 (explaining that courts "generally award fees if the complainant's interest in the information sought was . . . journalistic . . . [unless] . . . his interest was of a frivolous or purely commercial nature").

But the final factor—the reasonableness of the Department's withholding—weighs significantly against BuzzFeed's entitlement to fees.  To evaluate the reasonableness of an agency's withholding positions, courts must "consider[] whether the agency's opposition to disclosure had a reasonable basis in law and whether the agency had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior."  McKinley v. Fed. Hous. Fin. Agency, 739 F.3d 707, 712 (D.C. Cir. 2014) (internal quotation marks omitted).  For both considerations, the agency carries the burden of showing it behaved reasonably.  Davy II, 550 F.3d at 1163.  Here, BuzzFeed does not contest the adequacy of the search or any of the Department's withholdings; the sole issue is whether the Department's delay in producing responsive documents until after BuzzFeed filed suit was reasonable.

To be sure, the Department did not timely respond to BuzzFeed's request.  It did not comply with any of the statutory deadlines for responding to a FOIA request.  See 5 U.S.C. § 552(a)(6)(A)(i) (requiring response within 20 days); id. § 552(a)(6)(B)(i) (allowing extension for "ten working days" in "unusual circumstances").  Rather, ten days after it received the request, OIP informed BuzzFeed that it could not satisfy even FOIA's extended deadline because of the need to "search in and/or consult[] with another Office" within the Department.  Compl.

Ex. B at 1. The Department likewise did not make any substantive response until after BuzzFeed filed suit in October 2018. It did not release the first record until March 2019, and did not issue a final response until December 2020, after the parties agreed to a production schedule on a narrowed version of BuzzFeed's request. First Brinkmann Decl. ¶ 47; Second Brinkmann Decl. ¶¶ 24–25.

But this kind of initial delay alone is not enough to deem the Department's actions unreasonable. As the D.C. Circuit has recognized, delay past the statutory deadline is common in "a vast number of FOIA requests," and "the statute does not suggest that an award of attorney's fees should be automatic in those situations." Morley, 894 F.3d at 393. Moreover, the circuit's test for reasonableness requires consideration of *both* "whether the agency's opposition to disclosure had a reasonable basis in law and whether the agency had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior." McKinley, 739 F.3d at 712 (internal quotation marks omitted). As this Court has previously reasoned, "[a] pre-suit failure to respond to the request helps answer the first question—because there will rarely be a 'reasonable basis' for failing to respond altogether—but helps much less with the second question—because the delay may not reflect recalcitrance or obduracy at all." AquAlliance v. Nat'l Oceanic & Atmospheric Admin., No. 17-cv-2108, 2019 WL 2451687, at *5 (D.D.C. June 12, 2019) (Cooper, J.). Accordingly, a delay in responding until after a requester files suit is "probative of reasonableness," but not necessarily "dispositive." Id.

Here, the Department has also put forward significant evidence—both now and in its Open America stay motion—that (1) any delay was due to a significant and unanticipated backlog in addressing a growing number of FOIA requests; and (2) it has acted diligently to address BuzzFeed's substantial request in spite of that backlog. Based on this evidence, the

10

Court concludes that, under the circumstances here, the Department has adequately established that its failure to timely respond was reasonable.

The Court begins with the situation the Department faced at the time Buzzfeed made its FOIA request in August 2018. In its Open America stay motion, the Department catalogued the "ongoing and unprecedented surge" in FOIA requests it had received over the past several years. First Brinkmann Decl. ¶ 9. In fiscal year 2018, the Department received 3,523 FOIA requests—a 25 percent increase over the previous year and nearly double what it had received two years earlier. Id. ¶ 11. The Department also noted the increasing complexity of the requests it received, which required searches of more data from an expanding number of sources. Id. ¶¶ 39, 43. In a declaration in support of its stay motion, the Department outlined the steps it had taken to increase processing capacity, as well as the growing backlog of requests it faced despite those efforts. Id. ¶¶ 14, 23–28. As of March 2019, when the Department moved to stay this litigation, there were 81 searches ahead of BuzzFeed's within its designated queue. Id. ¶ 52. The Department generally processes requests within a queue on a first-in, first-out basis, and it has halted the practice of moving any to the front of the line when a requester files suit. Id. ¶¶ 30, 52.

Many "[c]ourts in this district have held that administrative delay and FOIA backlog do not form a reasonable basis in law for withholding documents." Urb. Air Initiative, Inc. v. EPA, 442 F. Supp. 3d 301, 319–20 (D.D.C. 2020) (internal quotation marks omitted) (gathering cases). But the D.C. Circuit has also recognized that a "deluge[] . . . of requests for information vastly in excess of that anticipated by Congress," which "existing resources are inadequate to deal with . . . within the time limits" of FOIA, may present "exceptional circumstances" justifying a departure from the normal course. Open Am., 547 F.2d at 616. Indeed, under such

11

circumstances, an agency may move to stay the proceedings, with the court retaining jurisdiction to allow the agency additional time to complete its review. Id.

The Court is convinced that just such unusual circumstances existed here to justify the delay in production, based on the record the Department created when it moved for an Open America stay, as well as the reasoning of another court in this district evaluating a similar request. The Court never weighed in on the merits of the stay request here, given the parties' eventual agreement. But, contrary to BuzzFeed's suggestion now, see Reply at 2–3, the Department had by that point developed a significant record of the backlog it faced, the resource constraints it experienced, and the efforts it had taken to increase capacity and attempt to address the backlog.

Indeed, Judge Mehta has already evaluated the Department's experiences over a similar time period, and he found "exceptional circumstances exist[ed] based on the dramatic increase in FOIA requests and the agency's exercise of due diligence in responding to those requests." Democracy Forward Found. v. Dep't of Just., 354 F. Supp. 3d 55, 60 (D.D.C. 2018). As Judge Mehta noted, the pace of the increase in FOIA request filings had accelerated over the previous several years. Id. at 60–61 (noting average increase of 100 additional requests from FY 2008 to FY 2016, versus increase of more than 1,000 from FY 2016 to FY 2017). The trend continued relatively unabated in FY 2018, when Buzzfeed made its request. See First Brinkman Decl. ¶ 16 (noting increase of more than 700 requests between FY 2017 and FY 2018). The Court concurs with Judge Mehta that "Congress surely could not have anticipated such a dramatic acceleration of the number of requests for information made of OIP." Democracy Forward Found., 354 F. Supp. 3d at 60–61. In addition, both here and before Judge Mehta, the Department has documented its implementation of a first-in, first-out response system, which is generally

considered evidence of good faith and due diligence.  See id. at 61–63; First Brinkmann Decl. ¶ 52.  The findings of this fellow court, as well as the record the Department has developed here, confirm that the delay in producing responsive documents had a reasonable basis in law.

There is also no evidence that the Department acted with recalcitrance or obduracy in processing BuzzFeed's request.  As initially framed, BuzzFeed's request was quite broad—seeking all records related to the establishment and operation of the Religious Liberty Task Force and any predecessors, as well as all communications between eight Department officials and representatives from more than a dozen outside advocacy groups.  See Compl. Ex. A at 1–3.  Perhaps unsurprisingly, the initial keyword search turned up more than 115,000 potentially responsive items.  Second Brinkman Decl. ¶ 24.  It is difficult for the Court to see how the Department could have waded through this material in the time allotted by FOIA, as Buzzfeed apparently expected it to do.

Moreover, the Department acted diligently to both inform the Court of its constraints and process BuzzFeed's substantial records request.  Two months after BuzzFeed filed suit, the Department informed BuzzFeed that it planned to move for an Open America stay—the proper procedure for requesting additional time to respond to a FOIA request.  Id. ¶ 17.  Even as it moved to stay its obligations, the Department also worked with BuzzFeed to provide a partial response, by leveraging ongoing work it was doing with related record sets gathered to fulfill other, earlier-filed FOIA requests.  First Brinkman Decl. ¶¶ 47–48; Second Brinkman Decl. ¶ 19.  As a result of these efforts, the Department released a first set of documents in March 2019, and by May had produced another responsive email and completed its review of Attorney General Sessions' email and electronic records.  First Brinkman Decl. ¶ 47; Second Brinkman Decl. ¶ 23.  And after the stay expired, the Department worked with BuzzFeed to narrow the scope of

materials for review.  Second Brinkman Decl. ¶ 24.  The Department ultimately completed review and production of 600 identified documents according to the schedule the parties agreed upon, without any further intervention by this Court.  Id. ¶¶ 24–25.  Looking at this record comprehensively, the Court does not see the sort of "obduracy in refusing to comply with the [FOIA] requirements" that justifies an award of attorney's fees.  Conservation Force v. Jewell, 160 F. Supp. 3d 194, 202 (D.D.C. 2016) (alteration in original).  It rather reflects the pace of production and reasonable give and take between the parties that routinely occurs in the multitude of FOIA cases litigated in this district.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [29] Plaintiff's Motion for Attorney's Fees is DENIED.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:  April 13, 2022